**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Shawn Daniels,<br>Plaintiff,<br><br>-v-<br><br>Jane Doe, Presiding Judge, Nassau County Supreme Court – Parole, John and Jane Does 2-10, whose identities are presently unknown,<br><br>Defendants. | 2:26-cv-04451<br>(NJC) (ST) |

**ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is an application to proceed in forma pauperis ("IFP") by pro se Plaintiff Shawn Daniels with respect to Daniels' Complaint. (*See* Compl., ECF No. 1; IFP App., ECF No. 5.) For the reasons that follow, the application to proceed IFP is denied without prejudice and with leave to renew within 14 days in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at

*2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Daniels has provided insufficient financial information for the Court to assess his qualification for a fee waiver. To be sure, Daniels wrote "N/A" in response almost every question on the application and has provided no financial information. (*See* ECF No. 2.) Of note, according to the public information regarding Daniels's detention status, it appears that Daniels has been released from custody. *See* https://vinelink.vineapps.com/search/persons;limit=20;offset=0;showPhotos=false;isPartialSearch=false;siteRefId=NYSWVINE;personFirstName=shawn;personLastName=Daniels;stateServed=NY.

Thus, the information set forth in the present application is stale. Given that the Court is unable to reasonably conclude that Daniels is entitled to a waiver of the filing fee at this time, the IFP application (ECF No. 2) is denied. To proceed with this case, Daniels shall either file a renewed IFP application using the enclosed AO 239 Long Form IFP application ("Long Form") or pay the $405.00 filing fee within 14 days or his Complaint shall be dismissed without prejudice.

Once the filing fee is paid, there are no refunds regardless of the outcome of the case. *Celestin v. U.S. Dep't State Bureau of Consular Affs.*, No. 20-cv-947, 2020 WL 6901081, at *2

(E.D.N.Y. Nov. 23, 2020) ("[T]he law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action").

Accordingly, Daniels is encouraged to consult an attorney or to take advantage of the free legal resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School at the Central Islip Courthouse. Daniels may schedule an appointment there by calling (631) 297-2575 or by e-mailing PSLAP@Hofstra.edu. The Court notes that the Pro Se Clinic is not part of, nor run by, the United States District Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
October 20, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge